IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| B.P. b/n/f JESSICA AND <br> JAMESON PRUDEN <br>     Plaintiff, <br> <br> v. <br> <br> BURKBURNETT INDEPENDENT <br> SCHOOL DISTRICT, <br>     Defendant. | §§§§§§§§§§ | <br><br><br><br>C.A. No. 7:24-cv-00060<br><br><br><br>JURY DEMAND |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

COMES NOW B.P., a minor, by and through her next friends and parents Jessica and Jameson Pruden ("Plaintiff" herein) and files this her *First Amended Complaint* alleging that the Burkburnett Independent School District (hereinafter referred to as "BISD" or "the School District"), violated the various rights of B.P. as more specifically pled herein. Plaintiff reserves the right to replead if new claims and issues arise upon further development of the facts, as permitted by law. In support thereof Plaintiff would respectfully show this tribunal the following:

**I.    BRIEF INTRODUCTION TO THE CASE**

1. This is a terrible case where B.P., a child with special educational needs, suffered severe physical injuries while in the care of staff within the Burkburnett Independent School District. Specifically, B.P. was permitted to use a sensory swing in her classroom that had not been inspected nor maintained by school staff as provided by manufacturer's explicit instructions. Further, she was permitted to do so without adequate supervision, which B.P. required as a part of her accommodations. Moreover, staff members were aware that

such a swing required regular maintenance and inspection in order to remain safe for BISD students to use. Due to the School District's failures, B.P. has suffered not only emotionally, but has incurred severe physical injuries which continue to have a lasting impact on her today.

2. As such, Plaintiff files this *First Amended Complaint* as contemplated by the federal and state regulations issued thereunder. The parents also maintain claims pursuant to the Fourteenth Amendment of the Constitution of the United States, as contemplated by 42 U.S.C. §1983; the Americans With Disabilities Act, 42 U.S.C. §12131, et seq. ("ADA") and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §794 ("Section 504") and state law claims pursuant to Section 22.0511 of the Texas Education Code and Chapter 121 of the Texas Human Resources Code.

## II.    JURISDICTION

3. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C.A. §1331 and §1343 because the matters in controversy arise under the Constitution and laws of the United States.

## III.    VENUE

4. Pursuant to 28 U.S.C. §1391 this Court is the proper Venue over this cause, as all events and omissions giving rise to Plaintiff's claim occurred in the Northern District of Texas, Wichita Falls Division.

## IV. PARTIES

5. B.P. lives with her parents at 214 W. 1st St. Burkburnett, Texas 76354. At all times pertinent to this case, B.P. was a student in BISD.

6. The Burkburnett Independent School District is a school district organized under the laws

of the State of Texas. It may be served through its Superintendent, Dr. Brad Owen, 100 N. Avenue D, Burkburnett, Texas 76354, (940) 569-3326 [Telephone].

## V.   FACTUAL RESUME

A.   ABOUT THE STUDENT

7. B.P. was born was born on July 05, 2009. She is currently fifteen (15) years old.

8. B.P. is currently a student within Burkburnett Independent School District and has been for all times relevant to this complaint. She is currently enrolled at Burkburnett Middle School within BISD.

9. B.P. qualifies for special education services under the eligibility criteria of Autism and Speech/Language Impairment,

10. She receives related services for her Autism, speech impairment, and personal care in the Life Skills program. She receives some of this instruction in a special education setting.

11. B.P. had accommodations put in place while at school consistently from February 7, 2021, through February 6, 2024.

12. B.P.'s accommodations provided that she needed support and services to be successful in the educational environment, and for maintaining safety for herself as well as others, including but not limited to: constant supervision throughout the day; monitoring while performing any tasks; prompting, cueing, social skills, redirecting, monitoring, and escort during transitions; a staff-to-student ratio of 1:1; or 1:2; or 3:10; depending on the setting; frequent redirection and assistance; and close supervision and visual supports.

B.   B.P. IS INJURED WHILE AT SCHOOL

13. On or around May 6, 2022, B.P. arrived at school at least by the bell time of 7:45 A.M.

14. B.P. went to her classroom with her teacher, Mr. Mike Strikland, and her teacher aides, Mrs. Teresa Holden, Mrs. Shanen Jarmakouitz, and Mrs. Sue Rueschenberg. B.P. also had access to a "sensory room."

15. Inside the sensory room was a Padded Frog Swing that hung from a pipe mounted through the ceiling tiles. The swing came with specific instructions from the manufacturer that proper installation using safe appropriate and safe components and weekly inspection and maintenance are critical, and that proper supervision and spotting are needed when the swing is used. There was also no padding on the floor of the room. The swing required the use of padded surfaces on the floor for safety of any children who might use the swing.

16. On this day, when B.P. entered the sensory room at BISD she got into the swing and began to use it.

17. However, at this time the swing had been used longer than it should have been without undergoing inspection. As such, it was in an extremely dangerous state of disrepair.

18. Further, B.P. was not being closely monitored while using the swing, as provided for in her accommodations.

19. While B.P. was swinging in the chair, it broke. B.P. subsequently hit the floor with such force that it caused significant physical injuries.

20. Emergency medical services were contacted, and B.P. was brought to the United Regional Hospital on May 6, 2022.

21. The injuries that B.P. suffered as a result of the broken swing were: cranial injury with loss of consciousness of unspecified duration; injury to thorax; injury of abdomen; fracture of vault of skull; fracture of occiput (back portion of the back of the skull);

21. [continued] other fracture of unspecified side of occiput; and traumatic subdural hemorrhage with loss of consciousness of unspecified duration.

22. After the initial review at United Regional Hospital, B.P. had to be air flighted to Cook Children's Hospital in Fort Worth, Texas. This was over 130 miles from her residence.

23. Due to the severity and nature of the injury B.P. did not return to school during the 2021-2022 academic year.

24. Following B.P.'s injury, the District failed to offer appropriate supports, related services, or further evaluations. Further, BISD failed to provide procedural safeguards in a timely manner.

25. Finally, upon reason and belief, B.P.'s non-disabled peers were able to benefit from working, safe physical exercise equipment without injury, while she was not.

26. B.P.'s has suffered various psycho-emotional effects as a result of her injury, including but not limited to:

    a. Increased self-harming behaviors, causing further physical pain and suffering;

    b. Increased physical aggression against other people;

    c. Increased anxiety while at school;

    d. Increased agitation;

    e. Increased manic episodes at school;

    f. Increased fatigue at school; and

    g. Refusal of sensory tools, including swings.

## VI. STATE ACTION

27. Plaintiff incorporates by reference all the above-related paragraphs with the same force and effect as if herein set forth. In addition, each sentence and paragraph below, likewise

incorporates by reference as if fully set forth herein, the one above it.

28. Here the School District was at all times and in all matters acting under color of state and federal law when it permitted B.P. to be subjected to the acts, omissions, wrongs and injuries hereinafter set forth.

## VII. VIOLATIONS OF SECTION 504 OF THE REHABILITATION ACT OF 1973

29. Plaintiff incorporates by reference all the above-related paragraphs with the same force and effect as if herein set forth.

30. The School District receives federal funds and thus must follow the requisites of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §794 ("Section 504"). The implementing regulations of Section 504 require that each state that receives disbursements, including the state's political subdivisions such as local school districts, must ensure all students with disabilities are given appropriate and necessary accommodations, pursuant to federal law and rules. To the degree that a policy or practice hinders honest consideration of a disabled student's unique and individualized needs and fails to accommodate that child's disability and keep the student safe, it violates Section 504.

### A. PROFESSIONAL BAD FAITH OR GROSS MISJUDGMENT CLAIM

31. Also, in addition to and in the alternative to the above, Plaintiff asserts that the School District demonstrated professional bad faith or gross misjudgment and/or mismanagement of B.P.'s accommodations in her educational plan, also violating Section 504 of the Rehabilitation Act thereby.

### B. FAILURE TO KEEP SAFE CLAIM

32. In addition and in alternative to the above, B.P. asserts that the School District failed to

provide her a safe and non-hostile educational environment, and as such she is a victim of discrimination based upon disability pursuant to Section 504.

C.     FAILURE TO ACCOMMODATE CLAIM

33. The above noted facts also support a plausible "failure to accommodate" claim pursuant to the Rehabilitation Act and similar to the ADA claim noted below.

## VIII. CLAIMS RELATED TO THE AMERICANS WITH DISABILITIES ACT

34. Plaintiff incorporates by reference all of the above-related paragraphs with the same force and effect as if herein set forth.

35. In addition, and in the alternative to the above, the facts as previously described demonstrate violations of the Americans with Disabilities Act, 42 U.S.C. §12131, et seq ("ADA").

36. Specifically, and separate and apart from her Section 504 cause of action, B.P. alleges that the School District failed and refused to reasonably accommodate and modify services needed by B.P. based upon her disability, in violation of Title II of the ADA. Likewise, and also in addition and in the alternative, B.P. was a victim of discrimination based upon disability by the School District.

## IX. CLAIMS PURSUANT TO THE U.S. CONSTITUTION

37. Plaintiff incorporates by reference all the above related paragraphs with the same force and effect as if herein set forth.

A.     CLAIMS RELATED TO THE 14TH AMENDMENT TO THE U.S. CONSTITUTION

1. Due Process Claims

38. Also, in addition to Plaintiff asserts that BISD failed to sufficiently train staff to address the needs of children in general– and especially a student with a disability like B.P, thereby violating her rights pursuant to the Fourteenth Amendment of the Constitution of the United States, for which she seeks recovery pursuant to 42 U.S.C. §1983.

39. In addition, Plaintiff contends that BISD failed to sufficiently supervise staff regarding addressing the needs of children in general– and especially a student with a disability like B.P.

40. Such failures by BISD were a moving force in violating the rights of B.P., as contemplated by Due Process of the Fourteenth Amendment of the Constitution of the United States, for which she seeks recovery pursuant to 42 U.S.C. §1983.

2. Equal Protection Claim

41. Such failures by BISD were a moving force in violating the rights of B.P, as a class of one, as contemplated by the Equal Protection of the Fourteenth Amendment of the Constitution of the United States for which she seeks recovery pursuant to 42 U.S.C. §1983.

3. Policy And Practice

42. Pursuant to both state law and school board policies and procedures, the BISD school board has a duty to keep equipment used by students in working order and in safe condition.

43. During the relevant time period contemplated by this cause of action, BISD—by and through its designees—had an actual policy, practice, and custom of conscious and deliberate indifference to federal and state law, federal and state administrative directives,

43. [cont.] and BISD's own policies and procedures regarding the treatment of B.P. and such failures were a moving force in the injuries to her for which her parents seek recovery pursuant to 42 U.S.C. § 1983.

44. Such deliberate indifference manifested itself in the School Board's failure to supervise staff as to their duties and responsibilities under the operative, regulations related thereto and professional standards of care for providing services to special education students Such failures, rise to the level of a violation of the Due Process Clause of the Fourteenth Amendment.

## X.  VIOLATIONS OF TEXAS EDUCATION CODE- ASSAULT OR NEGLIGENCE

45. Texas Education Code §22.79. 0511 notes that schoolteachers are not immune from liability when using excessive force in the discipline of a student or from negligence when causing bodily injury to a student. As such, the facts herein support a claim against B.P.'s teacher(s) for such a claim.

## XI.  RATIFICATION AND RESPONDEAT SUPERIOR

46. Plaintiff incorporates by reference all of the above-related paragraphs with the same force and effect as if herein set forth.

47. BISD ratified the acts, omissions and customs of school district personnel and staff.

## XII.  SPOLIATION

48. Plaintiff hereby requires and demands that BISD preserve and maintain all evidence pertaining to any claim or defense related to violations, causes of action, facts, and resulting damages set forth herein and/or made the basis of this petition and request for due process, including, but not limited to, statements, photographs, videotapes, audiotapes, surveillance, security tapes, business or medical records, incident reports,

telephone records, emails, text messages, electronic data/information, and any other evidence, potential evidence, or potentially discoverable documents.

49. Failure to maintain such items will constitute "spoliation" of evidence, which will necessitate use of the spoliation interference rule—an inference or presumption that any negligent or intentional destruction of evidence was done because the evidence was unfavorable to the spoliator's case.

## XIII. RELIEF REQUESTED

50. As a direct and proximate result of the Defendant's conduct, B.P. has suffered injuries and damages, for which she is entitled to recover herein including but not limited to:

   (a) Normal, incidental and nominal damages;

   (b) Restitution including costs of cure;

   (c) Loss of consortium;

   (d) Loss of enjoyment;

   (e) Loss of opportunity;

   (f) Past pain and discomfort;

   (g) Future pain and discomfort;

   (h) Reimbursement for past medical expenses;

   (i) Reimbursement for future medical expenses;

   (j) Reimbursement for past mental health expenses;

   (k) Reimbursement for future mental health expenses;

   (l) Reimbursement for past mental anguish;

   (m) Reimbursement for future mental anguish;

   (n) Various out-of-pocket expenses incurred by the family but for the acts and

omissions of the District; and

(o) Any such other relief that a Jury can give in law or in equity or both.

## XIV. REVAILING PARTY STATUS

86. Plaintiff incorporates by reference all the above related paragraphs, as if fully set forth herein.

87. It was necessary for Plaintiff to retain the undersigned attorneys to file this lawsuit. Upon judgment, Plaintiff is entitled to be declared prevailing parties pursuant to 20 U.S.C. §1415(i)(3)(B).

## XV. ANTICIPATED REQUEST FOR INSUFFICIENCY RULING

88. Plaintiff reserves all rights as to the sufficiency of their Petition, including their reliance on the scope of the Texas Rules of Civil Procedure and the model form from the Texas Education Agency ("TEA") as setting out the content, scope and intention of Plaintiff's minimal notice pleading obligations, which Plaintiff reasonably believes were met in this pleading.

## XVI. REIMBURSEMENT OF EXPERT FEES

89. Plaintiff hereby places BISD on notice that they will seek reimbursement of expert witness fees through ADA, which clearly authorizes reimbursement for the B.P.'s litigation expenses, including expert fees.

90. Specifically, the ADA authorizes a court to award attorneys' fees, litigation expenses, and costs to a prevailing party. See 42 U.S.C. § 12205 and 28 C.F.R. § 35.175.

## XVII. PLAINTIFF AGREES TO WAIVE THE RESOLUTION SESSION

## XVIII. PLAINTIFF AGREES TO ATTEND MEDIATION

## XIX. PLAINTIFF AGREES TO WAIVE REDACTION REQUIREMENTS

## XX. PLAINTIFF REQUESTS AN OPEN HEARING

## XXI. DEMAND FOR A JURY TRIAL

100. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a jury trial for all issues in this matter.

### PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays in the manner and particulars noted above, for the Court to enter a judgment in an amount sufficient to fully compensate her for the elements of damages enumerated above, judgment for damages, recovery of attorney's fees and costs for the preparation and trial of this cause of action, equitable relief requested and for its appeal if required, pursuant to Section 504 of the Rehabilitation Act of 1973, the Americans With Disabilities Act, the United States Constitution, and the common law, as well as the equitable issues noted above, and for such other and further relief that this Court may deem just and proper in law, equity, or both.

Respectfully submitted,

/s/ Martin J. Cirkiel
Martin J. Cirkiel, Esq.

Cirkiel Law Group, P.C.
1901 E. Palm Valley Boulevard
Round Rock, Texas 78664
(512) 244-6658 [Telephone]
(512) 244-6014 [Facsimile]
Marty@cirkielaw.com [Email]

**THE LAW OFFICE OF HUNTER A. NUNN**
By :/s/ Hunter A. Nunn
**HUNTER A. NUNN**
Texas Bar No. 24083587
hunter@hnunnlaw.com

        P.O. BOX 191385  
        Dallas, Texas 75219  
        T: (972) 863-9592  
        F: (972) 767-0338  
        REPRESENTATIVES FOR PLAINTIFF

## CERTIFICATE OF SERVICE

      I certify that on November 15, 2024, a true and correct copy of the foregoing document was forwarded to the below referenced party via electronic transfer in accordance with the Federal Rules of Civil Procedure.

Ms. Meredith Prykryl Walker  
Walsh Gallegos Kyle Robinson & Roalson, P.C.  
105 Decker Court, Suite 700  
Irving, Texas 75062  
214.574.8800  
214.574.8801 (facsimile)  
mwalker@wabsa.com [Email]

                                                */s/ Martin J. Cirkiel*  
                                                Martin J. Cirkiel